UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>YUREM VIRGINIA RAMIREZ,<br><br>         Defendant. | Case No.: 21-CR-2843-GPC<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>**[ECF No. 70]** |

On November 22, 2022, this Court convicted Yurem Virginia Ramirez ("Defendant") of Importation of Methamphetamine in violation of 21 U.S.C. §§ 952 and 960. ECF No. 63. The Court sentenced Defendant to 28 months of imprisonment followed by three years of supervised release. *Id*. at 2-3. On November 20, 2023, Defendant filed a pro se motion seeking a reduction of her sentence under 18 U.S.C. § 3582(c)(2) pursuant to the recently-enacted zero-point offender provision of U.S.S.G. § 4C1.1. ECF No. 70. The government filed a response in opposition. ECF No. 78. The government argues a reduction is unwarranted because Defendant's imposed sentence already falls below the amended guidelines range. *Id*. at 5.[1]

---

[1] Page numbers reflect CM/ECF pagination.

A defendant is eligible to receive the benefit of a retroactive two-point offense level reduction if the defendant is a zero-point offender, meaning they "present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a)." *United States v. Valenzuela*, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024).  However, even if a defendant meets the § 4C1.1(a) requirements, a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

At sentencing, the government, the defense, and the Court found the appropriate guideline range to be 46-57 months based on an offense level of 23.  ECF No. 58 at 2; 61-1 at 2; ECF No. 78 at 2.  Including § 4C1.1(a)'s two-level reduction, Defendant's advisory guidelines range is 37-46 months.  Defendant's imposed term of 28 months is already below this advisory range.  ECF No. 63.  Therefore, the Court may not reduce Defendant's sentence. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range[.]").

For the reasons set forth, the Court **DENIES** Defendant's motion to reduce her sentence under 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED**.

Dated:  April 5, 2024

Hon. Gonzalo P. Curiel
United States District Judge